UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAYSHAUN JONES,

                                            Plaintiff,                1:23-cv-563 (BKS/DJS)

v.

JON FARNEY,

                                            Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Dayshaun Jones
Albany, NY 12206

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      On May 26, 2023, Plaintiff pro se Dayshaun Jones filed an Amended Complaint[1] alleging that Defendant Jon Farney, "CFO of State Farm Insurance," committed an "unconstitutional contractual breach," in violation of Plaintiff's "5th amendment right to property" and "due process." (Dkt. No. 7, at 3, 6). The alleged breach appears to be related to the cancellation of an

---

[1] Prior to Plaintiff's filing of the Amended Complaint, (Dkt. No. 7), United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation, (Dkt. No. 6), regarding the original Complaint, (Dkt. No. 1). Magistrate Judge Stewart found that: (1) the "allegations in the Complaint appear to relate to the cancellation of an automobile insurance policy"; (2) although the Complaint alleged "federal question jurisdiction under 28 U.S.C. § 1331, the Complaint fails to identify the federal right or rights allegedly at issue"; and (3) although the Complaint alleged Plaintiff was a citizen of New York and Defendant was a citizen of Illinois, Plaintiff had not "properly alleged diversity jurisdiction because the space of the form Complaint utilized by him leaves blank the portion identifying the amount in controversy." (Dkt. No. 6). Magistrate Judge Stewart therefore recommended dismissal on the grounds that the "Complaint . . . plainly fails to satisfy the requirement of Rule 8 [of the Federal Rules of Civil Procedure] that a pleading clearly identify the basis for the Court's jurisdiction" and "expressly identify [the] legal claims" at issue. (Dkt. No. 6, at 4–5). Magistrate Judge Stewart advised Plaintiff that he had fourteen days within which to object to the Report-Recommendation. Before that time period expired, Plaintiff filed the Amended Complaint. Because Plaintiff was entitled to amend as of course under Rule 15(a)(1), the Court denied the Report-Recommendation as moot and referred the Amended Complaint to Magistrate Judge Stewart for review. (Dkt. No. 8).

automobile insurance policy. (*Id.* at 10–12). The Amended Complaint was referred to United States Magistrate Judge Daniel J. Stewart who, on June 16, 2023, issued a Report-Recommendation finding: (1) that "[t]he allegations in the Amended Complaint appear to relate to the cancellation of an automobile insurance policy"; (2) that "[t]he Amended Complaint purports to assert a breach of fiduciary duty on the part of the Defendant under the Securities Exchange Act"; which was "problematic" because (3) insurance has "traditionally been regulated by the states" and "insurance products subject to state regulation are exempt from regulation" under the Securities Exchange Act; and (4) "some provisions of the Act do not provide for a private right of action at all." (Dkt. No. 9, at 4–5) (first quoting *Ring v. AXA Fin., Inc.*, 483 F.3d 95, 98 (2d Cir. 2007); and then citing *Harris v. TD Ameritrade, Inc.*, 837 F. App'x 841, 843 (2d Cir. 2021)). Magistrate Judge Stewart concluded that "[w]ithout more specific pleading as to his precise claim, it is impossible for the Court and presumably Defendant to ascertain exactly on which legal theory Plaintiff purports to proceed against Defendant" and therefore recommended that the Amended Complaint be dismissed and that Plaintiff be provided "one final opportunity to amend." (*Id.* at 5). Magistrate Judge Stewart advised Plaintiff that "[p]ursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report" and that "failure to object . . . within fourteen days will preclude appellate review." (Dkt. No. 9, at 6–7) (emphasis omitted). Plaintiff did not file any objections but on June 30, 2023 filed a Second Amended Complaint. (Dkt. No. 11).

    As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear

error and found none, the Court adopts the Report-Recommendation in its entirety, including the recommendation that the Amended Complaint be dismissed and Plaintiff be given leave to amend. While the Second Amended Complaint, (Dkt. No. 11), is not acceptable under Rule 15(a)(1) as Plaintiff has already amended his "pleading once as a matter of course," Fed. R. Civ. P. 15(a)(1); *see supra* note 1, having adopted the Report-Recommendation's recommendation that Plaintiff be given leave to amend, the Court applies that leave to the Second Amended Complaint[2] and refers the Second Amended Complaint to Magistrate Judge Stewart for review.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 9) is **ADOPTED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 7) is **DISMISSED without prejudice**; and it is further

**ORDERED** Plaintiff's Second Amended Complaint (Dkt. No. 11 ) is **ACCEPTED** for filing as the operative pleading[3] and is referred to Magistrate Judge Stewart for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 17, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[2] It appears that Plaintiff filed the Second Amended Complaint in response to the Report-Recommendation, as Plaintiff filed the Second Amended Complaint within the fourteen-day period for filing objections. (*See* Dkt. No. 9 (Report-Recommendation filed June 16, 2023); Dkt. No. 11 (Second Amended Complaint filed June 30, 2023)).

[3] The Court makes no findings as to whether the Second Amended Complaint can survive initial review under 28 U.S.C. § 1915(e).