**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAYSHAUN JONES,

                Plaintiff,

        v.                             1:23-CV-563
                                              (BKS/DJS)

JON FARNEY,

                Defendant.

**APPEARANCES:**

DAYSHAUN JONES
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

Plaintiff's Second Amended Complaint is before the Court for review under 28 U.S.C. § 1915(e). *See* Dkt. Nos. 11 & 12. The undersigned has recommended dismissal of Plaintiff's prior two pleadings on the ground that those complaints failed, under Federal Rule of Civil Procedure 8, to adequately allege federal causes of action that this Court could adjudicate. Dkt. Nos. 6 & 9.

The standard for review of claims under section 1915(e) has been previously discussed at length, *id.*, and will not be repeated here, other than to note that the Court's

- 1 -

inquiry at this stage is to assess whether Plaintiff has alleged a facially plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, dismissal is inappropriate if the plaintiff has stated sufficient facts to state a claim for legal relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's initial Complaint failed to allege legal theories establishing a basis for federal court jurisdiction because it identified no federal constitutional or statutory claim that Plaintiff sought to pursue. Dkt. No. 6 at p. 4. This Court, therefore, recommended dismissal with leave to amend. *Id.* at p. 5. Plaintiff then submitted an Amended Complaint. Dkt. No. 7. This Court again recommended dismissal because while Plaintiff purported to assert claims under the Securities Exchange Act, he failed to identify which precise provisions formed the basis of his claim. Dkt. No. 9 at pp. 4-5. That failure made it impossible, in the Court's view, to assess whether he had stated viable claims. *Id.* The District Court adopted the recommendation, but based on Plaintiff's filing of a Second Amended Complaint, Dkt. No. 11, Sec. Am. Compl., granted Plaintiff leave to amend and referred that filing to the undersigned. Dkt. No. 12.

The Second Amended Complaint appears to assert two constitutional claims. Plaintiff clearly asserts one claim under the Due Process Clause of the 14th Amendment. Sec. Am. Compl. at ¶ P11. Liberally construed, he also asserts another under the Contract

Clause. *Id.* at P12.[1]  Neither claim may proceed here because Plaintiff has sued an individual corporate officer and there is no allegation of the state action necessary to proceed on such a claim.  "[S]tate action is a necessary component of any Contracts Clause claim, and of any Fourteenth Amendment due process or takings claim." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citing cases) (internal citations omitted); *see also Colon de Mejias v. Malloy*, 353 F. Supp. 3d 162, 171 (D. Conn. 2018), *aff'd sub nom. Colon de Mejias v. Lamont*, 963 F.3d 196 (2d Cir. 2020) ("The threshold inquiry in a Contract Clause analysis is whether there exists a contractual obligation that has been impaired by state action."); *Catanzano by Catanzano v. Dowling*, 60 F.3d 113, 117 (2d Cir. 1995) (discussing state action requirement in context of 14th Amendment claim).  Because no state action is alleged on the part of Defendant, Plaintiff's constitutional claims must be dismissed.

Plaintiff's proposed claims under the Federal Reserve Act are also subject to dismissal.  Plaintiff appears to rely upon 12 U.S.C. § 504(c)[2] which provides:

Third tier

Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who--

---

[1] This claim references the Supreme Court's decision in *Lochner v. New York*, 198 U.S. 45 (1905) as protecting a right to contract.  *Lochner*, of course, has long since been repudiated.  *See Ferguson v. Skrupa*, 372 U.S. 726, 730 (1963).  The Court, out of deference to Plaintiff's pro se status, will construe this claim as having been made under the Contract Clause, contained in section 10 of Article I of the Constitution which provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."

[2] Plaintiff cites section 29 of the Federal Reserve Act, which is codified in Section 504.

- 3 -

>   (1) knowingly--
>      (A) commits any violation described in subsection (a);
>      (B) engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
>      (C) breaches any fiduciary duty[.]

(footnote omitted).

For several reasons, this claim may not proceed. First, the statute provides for payment of civil penalties by "any member bank," 12 U.S.C. § 504, but Plaintiff has named an individual, not a banking institution, as the Defendant. Second, any penalty imposed under the statute "shall be assessed and collected" by either the Comptroller of the Currency or the Federal Reserve Board, 12 U.S.C. § 504(e), and any such penalties "shall be deposited into the Treasury." 12 U.S.C. § 504(g). As a result, Plaintiff has not established that he personally is entitled to any relief under section 504. The Court, therefore, agrees with the view that the statute "does not create a private right of action." *Bockari v. J.P. Morgan Chase Bank*, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), *aff'd sub nom. Bockari v. JPMorgan Chase & Co.*, 695 F. App'x 309 (9th Cir. 2017).

As this Court has previously noted in this case, dismissal without providing a *pro se* Plaintiff an opportunity to amend is contrary to established circuit precedent. Dkt. No. 6 at p. 5. However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*

- 4 -

*Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff has been provided two opportunities to amend, Dkt. Nos. 8 & 12, but has still failed to state cognizable claims.  Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend [another] time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when he took no steps to do so with [the] first opportunit[ies] to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).  Under the circumstances presented here, the Court recommends that the Second Amended Complaint be dismissed with prejudice.

Plaintiff has also filed a request for access to the Court's CM/ECF system. Dkt. No. 10.  Given the recommendation that this action be dismissed, the Court denies that request.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Second Amended Complaint be **DISMISSED**; and it is

**ORDERED**, Plaintiff's Motion (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 26, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).