**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAYSHAUN JONES,

                        Plaintiff,

                                                              1:23-cv-563 (BKS/DJS)

v.

JON FARNEY,

                        Defendant.

---

**Appearances:**

*Plaintiff pro se:*
Dayshaun Jones
Albany, NY 12206

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

On June 30, 2023, Plaintiff pro se Dayshaun Jones filed a Second Amended Complaint alleging that Defendant Jon Farney, "Chief Financial Officer" of "State Farm Mutual Automobile Insurance Company," violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, the Contract Clause, and 12 U.S.C. § 504(c) of the Federal Reserve Act. (*See generally* Dkt. No. 11). The Second Amended Complaint was referred to United States Magistrate Judge Daniel J. Stewart who, on July 26, 2023, issued a Report-Recommendation and Order recommending dismissal, explaining: (1) that "'state action is a necessary component of any'" Due Process or Contract Clause claim and that "because Plaintiff has sued an individual corporate officer" and has not alleged state action, "Plaintiff's constitutional claims must be dismissed," (Dkt. No. 13, at 3 (quoting *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003))); and (2) that 12 U.S.C. § 504(a), of the Federal Reserve Act, refers to

"member bank[s]," and because Plaintiff has not named a banking institution and because § 504(a) does not, in any event, appear to create a private right of action, Plaintiff's claim under § 504(a) must be dismissed, (Dkt. No. 13, at 3–4). Finally, observing that "Plaintiff has been provided two opportunities to amend, Dkt. Nos. 8 & 12, but has still failed to state cognizable claims," and that "[g]iven the particular nature of the pleadings in this case" there was no basis to believe that granting leave to amend would be warranted, Magistrate Judge Stewart recommended that the Second Amended Complaint be dismissed with prejudice. (Dkt. No. 13, at 5). Magistrate Judge Stewart advised Plaintiff that "[p]ursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report" and that "failure to object . . . within fourteen days will preclude appellate review." (*Id.* at 5–6) (emphasis omitted). Plaintiff did not file any objections but on August 7, 2023 filed a Third Amended Complaint, which the Court, as discussed below, has construed as a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 14).

## II.     REPORT-RECOMMENDATION

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and having found none, the Court adopts the Report-Recommendation in its entirety, including the recommendation that the Second Amended Complaint be dismissed with prejudice.

## III.    MOTION TO AMEND

As noted, following the issuance of the Report-Recommendation, Plaintiff filed a Third Amended Complaint, (Dkt. No. 14). In an abundance of caution, the Court has construed the

Third Amended Complaint as a motion for leave to amend Rule 15(a)(2).[1] Plaintiff's motion for leave to amend is denied as futile.

Rule 15(a)(2) states, as relevant here, that "a party may amend its pleading only with the court's leave," and that "[t]he court should freely give leave when justice so requires." A court may, however, "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)). In making this determination, the court must "consider 'the proposed amendment[s] . . . along with the remainder of the complaint,' accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.* (internal citation omitted). In general, a court must construe a pro se "complaint liberally and interpret it 'to raise the strongest arguments that [it] suggests[s].'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alteration in original) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)).

The proposed Third Amended Complaint alleges that Defendant Jon Farney, Chief Financial Officer of State Farm Mutual Automobile Insurance Company "has taken plaintiff's private property without just compensation," in violation of the Takings Clause of the Fifth Amendment. (Dkt. No. 14, at 7). However, the constitutional claim alleged in the proposed Third

---

[1] Plaintiff has already amended the complaint once as a matter of course under Rule 15(a)(1). (*See* Dkt. No. 8 (Text Order noting that Amended Complaint was filed under Rule 15(a)(1) as a matter of course (citing Dkt. No. 7 (Amended Complaint))).

3

Amended Complaint suffers from the same defect as Due Process and Contract Clause claims in the Second Amended Complaint: Plaintiff fails to allege that Defendant was a state actor. *See Leone v. Cent. Connecticut State Univ.*, No. 05-cv-823, 2006 WL 8446754, at *5, 2006 U.S. Dist. LEXIS 96094, at *18 (D. Conn. Aug. 3, 2006) (describing the allegation that "a *state actor*, acting pursuant to state authority, deprived a party of a private property interest for public use without just compensation" as "a necessary element of a Takings Clause violation" (citing *Cranley*, 318 F.3d at 111)). According to the proposed Third Amended Complaint, Defendant is the CFO of a private insurance company and Plaintiff does not otherwise allege Defendant engaged in any state action. *See Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (explaining in connection with claim brought pursuant to Takings Clause that "[a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action"). Accordingly, Plaintiff's motion for leave to file a Third Amended Complaint is denied as futile.

IV.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 13) is **ADOPTED**; and it is further

**ORDERED** that the Second Amended Complaint (Dkt. No. 11) is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff motion for leave to file a Third Amended Complaint (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to close this case and serve this Memorandum-

4

Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>August 21, 2023</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge